Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DANIEL SCOTT WINGER,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-19-bk-15912-PS<br><br>**TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Requests for information and documents by the Trustee are not superseded by the filing of an amended plan or motion for moratorium.

2. Trustee requests a copy of the 2019 federal and state income tax returns, *not* transcripts, along with all attachments, forms, schedules and statements.

3. The Trustee requires copies of all paycheck stubs for March 2020.

4. The proofs of claim filed by US Bank, #9, and the Internal Revenue Service, #8, differ from the creditors' treatment under the Plan. The Debtor must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim; (b) notify the Trustee **in writing** that the claim issue has

been resolved and the holder of the claim will endorse the order confirming the Plan; or (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

5. The Plan provides for payment of JP Morgan Chase Bank as an unmodified proof of claim. The Order Confirming Plan must provide for payment of the claim balance of $23,253.00, with interest and adequate protection payments as stated in the Plan.

6. The Plan is underfunded. Additional yield must be provided in the Order Confirming Plan to cure the shortfall,

7. The Order Confirming Plan must include the following provision in Section (C)(2)(a): Any post-petition mortgage fees and expenses shall be paid directly by the Debtor to the secured creditor.

8. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee).

- 3 -

Case 2:19-bk-15912-PS    Doc 20    Filed 03/12/20    Entered 03/12/20 08:32:54    Desc
Page 3 of 5

Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status**:  The Debtor's interim payments of $735.00 each are current through due date February 18, 2020.  Subsequent payments are due each following month.  The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org.  Then, click the box that says Get Started. It's Free! and follow the instructions.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by April 13, 2020, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Items #2, #3 and #4 above; and

(b) Pay to the Trustee the sum of $735.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

| | |
|---|---|
| 1 | Copy mailed or emailed to: |
| 2 | |
| 3 | DANIEL SCOTT WINGER<br>635 WEST AVIARY WAY<br>GILBERT, AZ 85233 |
| 4 | |
| 5 | |
| 6 | MARK W. LISCHWE<br>1930 SOUTH ALMA SCHOOL ROAD<br># A115 |
| 7 | MESA, AZ 85210 |
| 8 | |
| 9 | |
| 10 | |
| 11 | _____<br>*cturner@ch13bk.com* |
| 12 | |
| ... | |
| 28 | - 5 - |